## SMITH et al. v. CARTER CARBURETOR CORPORATION.

### No. 1273.

District Court, D. Delaware.

Dec. 19, 1940.

Arthur H. Boettcher (of Brown, Jackson, Boettcher & Dienner), of Chicago, Ill., Archie R. McCrady, of South Bend, Ind., and Charles F. Richards (of Richards, Layton & Finger), of Wilmington, Del., for plaintiffs.

Donald U. Rich, of New York City, George R. Ericson, of St. Louis, Mo., and Hugh M. Morris, Alexander L. Nichols, and Herbert L. Cohen, all of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is a suit in equity to obtain a patent under section 4915, U.S.R.S., 35 U.S.C.A. § 63. The invention relates to carburetors for internal combustion engines.

Plaintiffs are Stuyvesant C. Smith and Bendix Aviation Corporation, a Delaware corporation of South Bend, Indiana. Smith has been a research engineer of Bendix Stromberg Carburetor Company, a subsidiary of Bendix Aviation Corporation since September, 1929. He testified: "I graduated from high school and also graduated from the University of Illinois, in Industrial Administration course, which included two years of engineering". He worked chiefly on metering jets, automatic chokes, plain chokes and the main principles of carburetors. He has filed numerous applications in the patent office some of which resulted in patents.

Defendant Carter Carburetor Corporation, hereafter referred to as "Carter", is a subsidiary of American Car & Foundry Company. Ericson had been an examiner in the patent office for four or five years before entering the patent department of Carter in the winter of 1928. In the patent office he had been principally engaged in examining lubrication devices for internal combustion engines. His first job with Carter was to make an examination of all patents relating to carburetors. He noticed that some showed thermostatic control but were not practical. He testified: "That was what gave me the idea of making an improved thermostatic control for carburetors". From the start of his employment with Carter his mind appears to have been directed to the problem of the art here in question. Applications filed by Ericson were assigned to Carter. Applications filed by Smith were assigned to Bendix.

The invention in issue relates to an improvement in carburetors whereby the richness of the fuel mixture is increased during the starting or running of the engine while it is cold. This improvement also includes means responsive to increases in heat and suction to reduce the richness of the fuel mixture as the engine becomes warmer, or when the suction developed by the engine increases.

This suit arises from an interference proceeding No. 68,964 between Smith and Ericson declared July 26, 1934. Of the five counts in issue counts 1, 2 and 5 are typical:

"1. In a carburetor, means forming a mixing conduit, a throttle valve controlling the flow of mixture through said conduit, means forming a constant level fuel supply chamber, a fuel conduit leading from said fuel supply chamber and having a main outlet into said mixing conduit at a point anterior to said throttle; said fuel conduit having a low speed branch, said low speed branch having an outlet in the wall of said mixing conduit, said outlet being located near said throttle valve when it is in closed position, said fuel conduit having an inlet located below the fuel level in said constant level fuel chamber, said mixing conduit having an air inlet, a valve in one of said inlets, and means responsive to both temperature and suction for controlling said valve.

"2. In a carburetor, means forming a mixing conduit, a throttle valve controlling the flow of mixture through said conduit, means forming a constant level fuel supply chamber, a fuel conduit leading from said fuel supply chamber and having a main outlet into said mixing conduit at a point anterior to said throttle, said fuel conduit having a low speed branch, said low speed branch having an outlet discharging in the wall of said mixing conduit, said outlet being located near the edge of said throttle valve when it is in closed position, said

fuel conduit having a fuel inlet and said mixing conduit having an air inlet, valve means for controlling one of said inlets, said valve being operable to vary the proportions of fuel and air delivered by said carburetor, and means responsive to both temperature and suction for operating said valve to mixture enriching position when both the suction and the temperature are low, and for operating said valve in an opposite direction to lean out said mixture when either the temperature or the suction increases."

"5. In a carburetor, means forming a mixing conduit said mixing conduit having a mixture outlet, an air inlet and an air chamber between said inlet and outlet, a manually operable valve between said air chamber and said outlet, means forming a fuel supply conduit, means for admitting air to said fuel conduit, valve means for controlling the richness of the mixture delivered by said carburetor, means responsive to both heat and suction for operating said valve to lean out the mixture at high temperatures and suctions and enrich said mixture at low temperatures and suctions, and a suction connection leading from a point in said mixing conduit posterior to said firstnamed valve for operating said mixture controlling valve."

April 24, 1930, Ericson filed in the patent office an application Serial No. 446,899 for a patent for the invention here in issue. Upon this application patent No. 1,915,852 issued to Ericson June 27, 1933. November 6, 1931, Ericson filed another application for a patent disclosing the subject matter of the counts here in issue. Upon this application patent No. 1,915,851 issued June 27, 1933. Thus, both Ericson patents issued on the same day.

December 5, 1930, Smith filed in the patent office an application Serial No. 500,179 which plaintiff claims disclosed the subject matter of the counts in issue. December 29, 1930, Smith filed a second application Serial No. 505,261, which he claims disclosed the subject matter of these counts. April 15, 1933, while the first and second Smith applications were pending in the patent office, Smith filed a third application Serial No. 666,268, which he claims disclosed the subject matter of the counts in issue.

June 27, 1933, patent No. 1,915,851 was granted to Ericson. This patent disclosed the subject matter of the counts in issue and contained claims which became the counts in issue. May 7, 1934 Smith filed in the patent office a fourth application Serial No. 724,282. This application disclosed again the subject matter of the last preceding Smith application.

July 26, 1934, Interference No. 68,964 was declared in the patent office between Smith application Serial No. 724,282 and Ericson patent No. 1,915,851. Claims 6, 7, 8, and 10 of the Ericson patent became counts 1, 2, 3, and 4 in the Interference. Later, a claim substantially similar to claim 3 of the Ericson patent was added to the Smith application and became count 5 of the Interference.

The application of Smith was not filed until after the issuance of the Ericson patent. The burden of proving priority beyond a reasonable doubt therefore rested upon Smith. Proofs were taken and the issue submitted to the Examiner of Interferences. Both parties took testimony, filed briefs, and were represented at the hearing. It was admitted by counsel for each party that the issue of priority could be decided without considering the testimony. The parties relied upon earlier applications to advance their record dates of constructive reduction to practice. The earlier Ericson application, now patent No. 1,915,852, was filed April 24, 1930. The figures of the drawing in this application are substantially like figures 10, 11, 12, and 13 of Ericson patent No. 1,915,851.

May 28, 1937, the Examiner of Interferences awarded priority of invention of the subject matter in issue to Ericson having found him to be "the first to conceive and the first to constructively reduce to practice" the invention. An appeal was taken from the decision of the Examiner of Interferences. The Board of Appeals affirmed the decision of the Examiner of Interferences awarding priority of the subject matter in issue to Ericson. No appeal was taken from this decision to the United States Court of Customs and Patent Appeals. The time for taking such appeal has expired. The Commissioner of Patents refused to grant a patent containing the claims in issue upon the Smith application Serial No. 724,282. Thereafter this complaint was duly filed.

Every tribunal of the patent office awarded priority of invention to Ericson. It can not be assumed that the members of these tribunals were without learning in the carburetor art. It may be assumed that they possessed such learning.

The record of the interference proceeding in the patent office was introduced in evidence in this trial. The sole witness called by plaintiffs was Milton E. Chandler, an employe of plaintiffs. Chandler was called as an expert by plaintiffs and gave his opinion regarding the patent and patent applications in issue and the functioning of the devices. Plaintiffs did not attempt to prove that Chandler had made any tests or experiments with the Ericson or Smith devices. It is certain that Chandler added no new facts to the record as distinguished from expert opinion.

There is nothing in the evidence presented to the court of sufficient weight or character to overcome the findings of the tribunals of the Patent Office. The rule enunciated by the Supreme Court in Morgan v. Daniels applies to this case. The Supreme Court said:

"It [action under section 4915] is something in the nature of a suit to set aside a judgment, and, as such, is not to be sustained by a mere preponderance of evidence. Butler v. Shaw [C. C.] 21 F. 321, 327. It is a controversy between two individuals over a question of fact which has once been settled by a special tribunal, intrusted with full power in the premises. * * *

"Upon principle and authority, therefore, it must be laid down as a rule that, where the question decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction. Tested by that rule, the solution of this controversy is not difficult. Indeed, the variety of opinion expressed by the different officers who have examined this testimony is persuasive that the question of priority is doubtful, and, if doubtful, the decision of the patent office must control." Morgan v. Daniels, 153 U.S. 120, 124, 14 S.Ct. 772, 773, 38 L.Ed. 657.

The 1927 amendment to section 4915 in no way affected the rule of Morgan v. Daniels. General Talking Pictures Corp. v. American T. Corp., 3 Cir., 96 F.2d 800; Bell Telephone Laboratories v. International S. Elec. Corp., D.C. 27 F.Supp. 926. Application of the rule enunciated in Morgan v. Daniels to the facts of this case forbids the granting of the relief sought by plaintiffs.

This opinion contains a statement of the essential facts and of the law applicable thereto in conformity with Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint must be dismissed.